UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRMA LEE LAGRANGE | CIVIL ACTION |
| VERSUS | NO: 23-628 |
| EAGLE, INC., ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is an *Emergency Motion Seeking the Court to Decline Supplemental Jurisdiction and Remand to State Court* **(Rec. Doc. 13).** Defendants Huntington Ingalls, Inc. ("Avondale") (Rec. Doc. 24), Hopeman Brothers, Inc. and Liberty Mutual Insurance Company (Rec. Doc. 37) oppose the motion to which Plaintiff has filed a reply (Rec. Doc. 53). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to remand **(Rec. Doc. 13)** should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Irma Lee LaGrange allegedly contracted mesothelioma as a result of asbestos exposure by laundering her husband's work clothes. Her husband, Allen C. LaGrange, worked at Avondale's Bridge City, Louisiana shipyard from 1973 until 1996. Allen was allegedly exposed to asbestos at Avondale shipyard through his work as a laborer, welder, and pipefitter. This work created dust that accumulated on his clothes. Asbestos materials were used pursuant to contracts between the United States Government (U.S. Navy, Coast Guard, and Maritime Administration) and

1

Avondale, and a joiner contractor between Avondale and subcontractor Hopeman. In the instant motion, Plaintiff now seeks to bar Defendants from using the Government Contractor Defense.

## **DISCUSSION**

Plaintiff asserts that, because this Court concluded that Defendants cannot establish a federal defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), all remaining claims and defenses arise under state law between parties that are not diverse. (Rec. Doc. 13, at 2). Thus, they argue, this Court should, at its discretion, decline to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c).

Defendants argue that this Court should continue to exercise jurisdiction because it satisfied all elements of federal officer jurisdiction at the time of removal. (Rec. Doc. 24, at 1, 2). Further, Avondale argues that this Court should not decline supplemental jurisdiction because Plaintiff's claims involve no novel or complex issues of state law and because this Court has denied similar motions to remand in other asbestos cases. *See Ragusa v. Louisiana Guaranty Insurance Association*, No. 21-1971, 2023 WL 2646754 (E.D. La. Mar. 27, 2023); *Falgout v. Anco Insulations, Inc.*, No. 21-1443, 2022 WL 16534223 (E.D. La. Oct. 28, 2022); *Savoie v. Huntington Ingalls, Inc.*, No. 15-1220, 2022 WL 807525 (E.D. La. Mar. 17, 2022).

Although federal courts are courts of limited jurisdiction, "federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017); *Howery v. Allstate Ins.*

2

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Although the principle of limited federal court jurisdiction ordinarily compels federal courts to resolve any doubt about removal in favor of remand, courts should analyze removal under § 1442(a)(1) "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F. 3d 457, 462 (5th Cir. 2016); *see also Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021) ("unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum"). Nevertheless, it remains the removing party's burden of showing that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, a federal court has subject matter jurisdiction if the defendant is "any person acting under [an officer] of the United States or of any agency thereof . . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

Although the "general rule" in the Fifth Circuit is to "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute." *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (holding that

district court abused its discretion in dismissing state law claims in a case that had been pending in federal court for three years and lacked any novel or difficult issues of state law). Instead, the Court may, at its discretion, decline to exercise subject matter jurisdiction over claims for which there would be no original subject matter jurisdiction if:

>  (1) The claim raises a novel or complex issue of State law
>  (2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>  (3) The district court has dismissed all claims over which it has original jurisdiction, or
>
>  (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the statutory factors above do not weigh in favor of this Court remanding the case back to State Court. First, although Plaintiffs argue that their claims are more frequently litigated in state court, the asbestos exposure and failure to warn claims do not raise any novel or complex issues of Louisiana law.

Second, although Plaintiffs accurately submit there are no federal questions remaining in this case, a federal court does not lose jurisdiction "if the facts later indicate the federal defense fails." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 863 (5th Cir. 2021) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.")). If, at the time of removal, the

record indicates the federal contractor defense was not "insubstantial on its face or obviously frivolous," the exercise of supplemental jurisdiction over the remaining state law claims is also proper. *Id.* Thus, dismissing Avondale's federal defenses does not affect this Court's jurisdiction over this case. This Court will therefore continue to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion to remand **(Rec. Doc. 13)** is **DENIED.**

New Orleans, Louisiana this 6th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE