UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRMA LEE LAGRANGE | CIVIL ACTION |
| VERSUS | NO: 23-628 |
| EAGLE, INC., ET AL. | SECTION: "J"(5) |

### ORDER & REASONS

Before the Court is a *Rule 56 Motion for Partial Summary Judgment Regarding Defendants' Government Immunity* **(Rec. Doc. 9).** This motion is opposed by Defendants Huntington Ingalls, Inc. (Rec. Doc. 35) and Hopeman Brothers (Rec. Doc. 38), and Plaintiff has replied (Rec. Doc. 51). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion for partial summary judgment **(Rec. Doc. 9)** should be **GRANTED.**

### FACTS AND PROCEDURAL BACKGROUND

Irma Lee LaGrange allegedly contracted mesothelioma as a result of asbestos exposure by laundering her husband's work clothes. Her husband, Allen C. LaGrange, worked at Avondale's Bridge City, Louisiana shipyard from 1973 until 1996. Allen was allegedly exposed to asbestos at Avondale shipyard through his work as a laborer, welder, and pipefitter. This work created dust that accumulated on his clothes. Asbestos materials were used pursuant to contracts between the United States Government (U.S. Navy, Coast Guard, and Maritime Administration) and Avondale, and a joiner contractor between Avondale and subcontractor Hopeman. In

1

the instant motion, Plaintiff now seeks to bar Defendants from using the Government Contractor Defense.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not

persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Plaintiff's argument and Defendants' oppositions are not new to this Court. Indeed, this Court granted nearly identical motions for summary judgment in *Falgout v. Anco Insulations, Inc.*, No. 21-1443, 2022 WL 7540115 (E.D. La. Oct. 13, 2022) and *Matherne v. Huntington Ingalls Incorporated*, No. 22-2656, 2024 WL 216925 (Jan. 19, 2024). *See also Adams v. Eagle, Inc.*, No. 21-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2021 WL 5448795 (E.D. La. Nov. 22, 2021); *Crossland v. Huntington Ingalls, Inc.*, 635 F.Supp. 3d. 491 (E.D. La. Oct. 19, 2022). Defendants have attempted to use the Government Contractor Defense in numerous cases in this District, and like in these other cases, Defendants are not entitled to use this Defense. For the reasons articulated in *Falgout*, this Court finds that Plaintiff's motion should be **GRANTED**.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion for partial summary judgment **(Rec. Doc. 9)** is **GRANTED**. Defendants are not permitted to use the Government Contractor Defense.

**IT IS FURTHER ORDERED** that Hopeman Brothers, Inc.'s motion for leave to file surreply **(Rec. Doc. 49)** is **DENIED**.

New Orleans, Louisiana this 6th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE