UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRMA LEE LAGRANGE | CIVIL ACTION |
| VERSUS | NO: 23-628 |
| EAGLE, INC. ET AL. | SECTION: "J"(5) |

## ORDER

Before the Court are memoranda related to whether this case should be stayed in its entirety. Plaintiffs file a *Memorandum in Opposition to Stay of Entire Case Pending Bankruptcy Proceedings against Hopeman Brothers, Inc.* **(Rec. Doc. 140)**. In contrast, Defendant Huntington Ingalls Incorporated ("Avondale") files a *Memorandum in Support of Stay of Entire Case Pending Bankruptcy Proceedings* **(Rec. Doc. 141)**. Having considered the legal memoranda, the record, and the applicable law, the Court finds that this case should be **STAYED** for a limited duration.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from Plaintiff Irma Lee LaGrange's alleged contraction of mesothelioma as a result of asbestos exposure by laundering her husband's work clothes. Her husband, Allen C. LaGrange, worked at Avondale's Bridge City, Louisiana shipyard from 1973 until 1996. Allen was allegedly exposed to asbestos at the Avondale shipyard through his work as a laborer, welder, and pipefitter. This work created dust that accumulated on his clothes. Asbestos materials were used

1

pursuant to contracts between the United States Government and Avondale, and a joiner contractor between Avondale and subcontractor Hopeman Brothers, Inc.

Filed in Louisiana state court, this action was removed pursuant to federal officer jurisdiction of 28 U.S.C. § 1442(a)(1). Five months after removal, Ms. Lagrange passed away. Nearly eight months later, Avondale informed the Court of Ms. Lagrange's passing, and counsel for Plaintiff subsequently moved to substitute Ms. Lagrange's surviving children as party plaintiffs. In July of 2024, Hopeman filed notice of its voluntary petition of Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. In response, the Court stayed this action as to Hopeman and requested party briefing on whether this matter should be stayed in its entirety until the bankruptcy proceeding against Hopeman is completed.

## **LEGAL STANDARD**

Pursuant to 11 U.S.C. § 362(a)(1), an automatic stay extends to proceedings against Chapter 11 debtors. As the Fifth Circuit has long clarified, this stay does not automatically apply to co-defendants of the Chapter 11 debtor: "The stay envisioned is 'applicable to all entities,' § 362(a), but only in the sense that it stays all entities proceeding against the debtor. To read the 'all entities' language as protecting co-debtors would be inconsistent with the specifically defined scope of the stay 'against the debtor,' § 362(a)(1)." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). This automatic applicability to the debtor alone flows from the purposes of the stay, which are "to protect the debtor's assets, provide temporary relief from creditors,

2

and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

As to actions with other co-defendants, courts may consider a discretionary stay. *See Wedgeworth,* 706 F.2d at 545 (citing *Landis v. North American Can Co.,* 299 U.S. 248, 254–55 (1936)). "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). Such a stay is proper only if founded on (1) the balance of party interests, (2) "a clear inequity" to the remaining co-defendants, and (3) a stay length "framed to contain reasonable limits on its duration." *GATX Aircraft Corp.*, 768 F.2d at 716 (citations omitted).

## DISCUSSION

Plaintiffs insist no exception is present to stay the entirety of this matter. From their forecast, a stay related to Hopeman's bankruptcy would necessarily be indefinite, causing significant hardship to Plaintiffs. Although advocating for a full stay of the proceedings, Avondale does not completely tie this litigation to Hopeman's bankruptcy resolution, however. Instead, Avondale notes the bankruptcy court is currently weighing whether non-bankruptcy claims can proceed against Liberty Mutual Insurance Company, the insurer of Hopeman and Hopeman subsidiary Wayne Manufacturing Corporation. Liberty Mutual and Wayne are also parties to this asbestos litigation.

3

In the bankruptcy litigation, Avondale objected to Hopeman's request of a stay of proceedings as to Liberty Mutual. The bankruptcy court granted the request, issuing an Interim Order Extending the Automatic Stay to Asbestos-Related Actions Against Non-Debtor Defendants. *In re Hopeman Brothers, Inc.*, No. 24-32428 (Bankr. E.D. Va. July 3, 2024), ECF No. 35. Over objections, the stay was issued for six months or until March 10, 2025. *Id.* ECF No. 181.

Accordingly, Avondale seeks a stay coterminous with the stay in place in the bankruptcy court. In three cases involving the same issue, judges in the Eastern District of Louisiana have stayed the entire case until the expiration of the bankruptcy stay. *See Ditcharo v. Union Pacific Railroad Co.*, No. 23-7399 (E.D. La. Sept. 19, 2024), ECF No. 104 (Fallon, J.); *Evans v. Taylor Seidenbach, Inc.*, No. 23-4241 (E.D. La. Sept. 19, 2024), ECF No. 146 (Fallon, J.); *Rivet v. Huntington Ingalls Inc.*, No. 22-2584 (E.D. La. Sept. 23, 2024), ECF No. 412 (Papillion, J.). This Court similarly finds a limited stay of this matter appropriate.

Although sympathetic to Plaintiffs' desire for an expedient resolution, the balance of party interests favors a brief stay to permit the bankruptcy court to determine the status of co-defendants in this and similar actions. Denying a stay would risk co-defendants suffering the clear inequity of the enforcement of a standard at odds with the underlying bankruptcy action. Further, tying this stay to the bankruptcy court's resolution of the co-defendant question both provides a limited timeframe and promotes judicial economy.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in the above-captioned matter are **STAYED until March 11, 2025**. At the end of this period, upon party motion, the Court will reassess whether a stay is still warranted.

New Orleans, Louisiana, this 22nd day of November, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE