UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRMA LEE LAGRANGE                          CIVIL ACTION

VERSUS                                     NO: 23-628

EAGLE, INC. ET AL.                         SECTION: "J"(5)

## ORDER & REASONS

Before the Court is a *Contested Motion to Reinstate Stay* **(Rec. Doc. 151)**, filed by Defendant Huntington Ingalls Incorporated ("Avondale"). Plaintiffs oppose the motion (Rec. Doc. 152), and Defendant Avondale has replied (Rec. Doc. 153). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to reinstate the stay should be **GRANTED**, in accordance with the reasoning below.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from Plaintiff Irma Lee Lagrange's contraction of mesothelioma due to asbestos exposure, which was allegedly caused by laundering her husband's work clothes. Mrs. Lagrange's husband, Allen C. Lagrange, worked at Avondale's Bridge City, Louisiana shipyard from 1973 until 1996. Allen was allegedly exposed to asbestos at the Avondale shipyard through his work as a laborer, welder, and pipefitter, which created dust that accumulated on his clothes. Asbestos materials were used pursuant to contracts between the United States Government and Avondale, and between Avondale and subcontractor Hopeman Brothers Inc.

1

This action was originally filed by Mrs. Lagrange on December 29, 2022, in the Civil District Court for the Parish of Orleans, State of Louisiana, and was later removed to this Court pursuant to federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). Five months after removal, Mrs. Lagrange passed away. Nearly eight months later, Avondale informed the Court of Mrs. Lagrange's passing, and counsel for Plaintiff subsequently moved to substitute Mrs. Lagrange's surviving children as party plaintiffs.

Immediately relevant to the instant motion, in July of 2024, Defendant Hopeman Brothers Inc. ("Hopeman") filed notice of its voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. In response, the Court stayed this action as to Hopeman and requested party briefing on whether the matter should be stayed in its entirety until the bankruptcy proceeding against Hopeman was completed. Subsequently, on November 22, 2024, the Court granted a stay of the proceedings until March 11, 2025, at which point the Court planned to reassess whether the stay was still warranted. However, the Court's reassessment was not necessary because the parties filed a consent motion to extend the stay to June 30, 2025. Since the stay expired on June 30, neither party has moved either to lift or extend the stay until Defendant Avondale filed the instant motion, nor has there been any activity in the case on behalf of Plaintiffs or Defendant Avondale since that time.

## LEGAL STANDARD

A district court has inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, this control is "not unbounded," and a court must "weigh competing interests and maintain an even balance" before delaying a case premised on resolution of another legal proceeding. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

Pursuant to 11 U.S.C. § 362(a)(1), an automatic stay extends to proceedings against Chapter 11 debtors. As the Fifth Circuit has long clarified, this stay does not automatically apply to co-defendants of the Chapter 11 debtor: "The stay envisioned is 'applicable to all entities,' § 362(a), but only in the sense that it stays all entities proceeding against the debtor. To read the 'all entities' language as protecting co-debtors would be inconsistent with the specifically defined scope of the stay 'against the debtor,' § 362(a)(1)." *Id.* at 544. This automatic applicability to the debtor alone flows from the purposes of the stay, which are "to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Wedgeworth*, 706 F.2d at 544).

As to actions with other co-defendants, courts may consider a discretionary stay. *See Wedgeworth*, 706 F.2d at 545 (citing *Landis*, 299 U.S. at 254–55). "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors."

3

*Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (citing *id.* at 544). Such a stay is proper only if founded on (1) the balance of party interests, (2) "a clear inequity" to the remaining co-defendants, and (3) a length "framed to contain reasonable limits on its duration." *GATX Aircraft Corp.*, 768 F.2d at 716 (citations omitted). Specifically, the party seeking a stay bears the burden of justifying a delay by making "a clear case of hardship or inequity in being required to go forward," and the court must "carefully consider the time reasonably expected for resolution of the 'other case'" because immoderate or indefinite stay orders are reversible. *Wedgeworth*, 706 F.2d at 545 (citing *Landis*, 299 U.S. at 254–55); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (citations omitted).

## DISCUSSION

In the Hopeman bankruptcy proceeding, the U.S. Bankruptcy Court for the Eastern District of Virginia recently entered a *Fifth Interim Order Extending the Automatic Stay to Asbestos-Related Actions Against Non-Debtor Defendants*, under which both Defendant Hopeman and its insurer, Liberty Mutual, also a Defendant in the instant case, are considered "protected parties." Based on this order, Avondale moved this Court to reinstate the stay of these proceedings as to all Defendants "until the earlier of entry of a final order by the Bankruptcy Court confirming or affirming the Joint 524(g) Plan or December 19, 2025." (Rec. Doc. 151-1, at 1).

Avondale argues that the Court should reinstate the stay in this matter until December 19, 2025, at the latest, based on the factors enumerated by the United States Supreme Court in *Landis v. North American Co.* First, Avondale contends that

a denial of its request to reinstate the stay would result in a hardship because Avondale has filed a Crossclaim against Liberty Mutual, as insurer of the Hopeman Interests, based on Mrs. Legrange's previous assertion that her husband was exposed to Micarta, which Avondale asserts was a product used by Hopeman and its subsidiaries. However, based on the most recent order in the Hopeman bankruptcy proceeding, Liberty Mutual remains a protected party, and therefore, Avondale cannot pursue its Crossclaim against Liberty Mutual until the Bankruptcy Court enters a final judgment regarding the Joint 524(g) Plan or December 19, 2025, whichever is earlier.

Furthermore, because discovery in the instant case is still in the early stages and a trial date has not yet been set, Avondale maintains that reinstatement of the stay for a limited duration would not cause any prejudice to Plaintiffs. Finally, Avondale states that a short stay of "just over a month" would promote judicial economy because it would reduce the likelihood of "duplicative discovery" should the stay be lifted as to the Hopeman Interests. (Rec. Doc. 151-1, at 5).

Conversely, Plaintiffs emphasize that the instant matter has been pending for almost three years, and they claim that Hopeman "is not the primary target" of their case. (Rec. Doc. 152, at 4). Moreover, Plaintiffs contend that Hopeman is not an indispensable party and that, therefore, even in Hopeman's absence, the Court will be able to "accord[] complete relief among existing parties." *Id.* at 4 (quoting Fed. R. Civ. P. 19(a)(1)(A)). Plaintiffs rely on the Fifth Circuit's decision in *Wedgeworth v. Fibreboard Corp.* to bolster their arguments.

In *Wedgeworth*, which was also an asbestos exposure case, an automatic stay had been issued as to two defendants due to bankruptcy proceedings. *Wedgeworth*, 706 F.2d at 542. However, the Fifth Circuit concluded that these two defendants were not "indispensable parties" under either Federal Rule 19 or Louisiana law. *Id.* at 546. Furthermore, the court balanced the interests of the plaintiffs against those of the remaining defendants and reached the conclusion that a stay should not be granted and that plaintiffs should be permitted to proceed. *Id.* In balancing the parties' interests, the Fifth Circuit specifically noted that the "realities of the hardship of a stay on the plaintiffs, many of whom allege that they are dying from asbestosis, is substantial," and "the bankruptcy proceedings are not likely to conclude in the immediate future." *Wedgeworth*, 706 F.2d at 545.

Here, unlike in *Wedgeworth*, neither of these considerations exists. While the Court certainly understands and appreciates Plaintiffs' desire to bring an end to this litigation, the Court also concludes that the hardship on Plaintiffs is outweighed by the inequity that Defendant Avondale would suffer if it were prevented from pursuing its Crossclaim against Liberty Mutual. The fact that the parties have not completed discovery and there is not yet a scheduling order in this matter further supports this conclusion. Moreover, in *Wedgeworth*, the duration of the requested stay was indefinite and unpredictable, whereas in the instant matter, Defendant Avondale has requested a stay of less than a month (until the earlier of a final order by the Bankruptcy Court or December 19, 2025). In this case, balancing the interests of each

6

party and the conservation of judicial resources, the Court finds that reinstating the stay is appropriate.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Huntington Ingalls Incorporated's *Contested Motion to Reinstate Stay* **(Rec. Doc. 151)** is **GRANTED**, and all proceedings in the above-captioned matter are **STAYED** <u>**until the earlier of a final order by the United States Bankruptcy Court for the Eastern District of Virginia regarding the Joint 524(g) Plan or December 19, 2025**</u>. At the end of this period, the parties shall proceed in moving this litigation forward.

New Orleans, Louisiana, this 3rd day of December, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE